IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREA NICHOLE EGGLESTON MAYO, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:18-CV-359-WKW |
| THE STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, *et al.*, | ) ) ) ) ) | [WO] |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On November 2, 2018, the Magistrate Judge filed a Recommendation to which no timely objections have been filed. (Doc. # 10.) The Magistrate Judge recommended that all claims be dismissed with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The recommendation was based, in part, on the Magistrate Judge's conclusion that the claims against Alabama Department of Human Resources employees Victoria Stuart and Ayanna Rearden in their official capacities were barred by the Eleventh Amendment. (Doc. # 10, at 8.) As discussed more fully below, the Eleventh Amendment does not bar suits against state officials for prospective injunctive relief. Nonetheless, because of Mayo's failure to file a

complaint that conforms to the Federal Rules of Civil Procedure despite being given multiple opportunities to do so, the case is due to be dismissed with prejudice. The recommendation is therefore due to be adopted to the extent modified herein.

### A.  The Eleventh Amendment does not bar prospective injunctive relief against DHR employees Rearden and Stuart.

The recommendation concludes that Rearden and Stuart are immune from suit in their official capacities. To the extent Mayo seeks monetary relief against them, that conclusion is correct, and dismissal is required under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Eleventh Amendment bars suits against state officials where the state itself is, in fact, the real party in interest, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984), such as where a lawsuit "seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). To the extent Mayo seeks monetary relief against DHR employees Stuart and Rearden, the Eleventh Amendment forecloses such relief.

But the situation is different when the plaintiff seeks to enjoin future actions by state officials that violate her constitutional rights. The Eleventh Amendment "does not generally prohibit suits seeking only prospective injunctive or declaratory relief." *Summit Med. Assocs.*, 180 F.3d at 1337. The distinction between allowable relief and prohibited relief under the Eleventh Amendment is "the difference

between prospective relief on one hand and retrospective relief on the other." *Quern v. Jordan*, 440 U.S. 332, 337 (1979).[1]

Construed liberally, *see Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), Mayo's *pro se* amended complaint indicates she is seeking prospective injunctive relief. Mayo states that Rearden and Stuart "have given notice of the intent to take further action to punish [Mayo]" and "are acting outside of the law to deny [Mayo] protections guaranteed by the United States Constitution." (Doc. # 8, at 5–6.) She says these actions will continue unless a federal court intervenes. (Doc. # 8, at 6.) The court construes these allegations as an application for an injunction against future unconstitutional actions by Rearden and Stuart. Therefore, the claims for injunctive relief against DHR employees Rearden and Stuart are not barred by the Eleventh Amendment.

---

[1] The recommendation cites *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), and *Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990), for the proposition that state officials are immune from suit under the Eleventh Amendment. These cases are inapposite. *Seminole Tribe* only holds that Congress may not abrogate state sovereign immunity under its Commerce Clause power. *See Seminole Tribe*, 517 U.S. at 47. But it is well-established that Congress may abrogate state sovereign immunity pursuant to its Fourteenth Amendment enforcement power, *see Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976), and the statute under which this case arises, 42 U.S.C. § 1983, was enacted pursuant to that power, *see Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 934 (1982). Moreover, *Carr* is not controlling because, unlike this case, it involved a suit against state officials solely for monetary damages, not injunctive or declaratory relief. *See Carr*, 916 F.2d at 1524 n.2.

**B. The claims against Rearden and Stuart not barred by the Eleventh Amendment are nonetheless due to be dismissed with prejudice because they do not comply with the Federal Rules of Civil Procedure, even after Mayo received multiple opportunities to cure the complaint.**

Even after being given multiple opportunities by the court to more clearly make out her claim, Mayo's amended complaint does not put Rearden and Stuart on notice of the claims against them as required by Federal Rule of Civil Procedure 8. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Mayo's amended complaint makes only two allegations that are specific to Rearden and Stuart: (1) that Rearden and Stuart "have given notice of the intent to take further action to punish [Mayo]"; and (2) that Rearden and Stuart "are acting outside of the law to deny [Mayo] protections guaranteed by the United States Constitution." (Doc. # 8, at 5–6.)

These conclusory statements are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not state a cognizable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These statements do not specify what "further action[s]" Rearden and Stuart intend to take to "punish" Mayo, nor what actions Rearden and Stuart are currently taking in violation of Mayo's constitutional rights. Without factual allegations specific enough "to raise a right to

relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the amended complaint cannot survive.[2]

Finally, the court finds dismissal with prejudice appropriate here. "[A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (internal quotation omitted). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* at 1338.

The circumstances in this case indicate that no lesser sanction than dismissal with prejudice is sufficient to remedy Mayo's refusal to abide by court orders. The Magistrate Judge has already given Mayo multiple opportunities to cure the deficiencies in her complaint. The Magistrate Judge's first order required Mayo to "identify each defendant's alleged acts or omissions in a manner sufficient for each

---

[2] The court will not consider Mayo's original complaint in deciding whether she has stated a claim against Rearden and Stuart. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (holding that district court did not err by declining to consider both original and amended complaint in dismissing *pro se* litigant's claims); *see also* M.D. Ala. L.R. 15.1 ("Any amendment to a pleading . . . must, except by leave of Court . . . reproduce the entire pleading . . . and may not incorporate any prior pleading . . . by reference.).

defendant to know: (1) how it is alleged to be liable for the claim, and (2) the factual and legal grounds upon which each claim stands," and warning her that noncompliance may result in dismissal. (Doc. # 4, at 7.) Following entry of that order, Mayo filed a motion for extension of time to file her amended complaint, (Doc. # 5), which was granted, (Doc. # 7). Mayo then filed her amended complaint (containing many of the same deficiencies), which included yet another request for more time to bring her complaint into compliance with the Federal Rules of Civil Procedure and provide more factual detail. (Doc. # 8, at 2.) The Magistrate Judge accordingly gave Mayo additional time to file a second amended complaint and again warned her that failure to do so may result in recommendation of dismissal. (Doc. # 9.) Nearly two months have passed since the entry of that order, and Mayo has not done so. Nor has she filed any additional motions seeking an extension of time to file a second amended complaint.[3]

In light of this clear pattern of delay, the forewarnings of the court, and the fact that Mayo, as a party, is inherently more culpable for these dilatory actions, the court finds dismissal with prejudice warranted. Considering Mayo's apparent inability to file a complaint that complies with the Federal Rules of Civil Procedure, the court finds that no lesser sanction, such as dismissal without prejudice, would

---

[3] Although less relevant, the court also notes that Mayo has not objected to the Magistrate Judge's recommendation of dismissal with prejudice.

suffice. *See Novero v. Duke Energy*, No. 17-14963, 2018 WL 5013823, at *6 (11th Cir. Oct. 16, 2018) (holding that *pro se* plaintiff's "timeliness issues, his repeated failures to comply with the Federal Rules of Civil Procedure," and the Eleventh Circuit's low tolerance for shotgun pleadings justified dismissal with prejudice); *Kennedy v. Bell South Telecomm., Inc.*, 546 F. App'x 817, 820 (11th Cir. 2013) ("The district court repeatedly told [*pro se* plaintiff] how to comply with its pleading requirements, and [he] repeatedly ignored those instructions."); *Nettles v. City of Leesburg—Police Dep't*, 415 F. App'x 116, 123–24 (11th Cir. 2010) ("The District Court did not err in dismissing this action with prejudice. [Plaintiff] was given three opportunities to file a complaint that complied with the applicable pleading requirements of Rule 8."). This case is therefore due to be dismissed with prejudice.

Accordingly, it is ORDERED that:

1. The Magistrate Judge's recommendation (Doc. # 10) is ADOPTED to the extent modified herein; and

2. Mayo's amended complaint (Doc. # 8) is DISMISSED with prejudice.

DONE this 5th day of December, 2018.

                      /s/ W. Keith Watkins
           CHIEF UNITED STATES DISTRICT JUDGE